SAMUEL H. PARISEN ET AL. v. THE NEW YORK AND· LONG BRANCH RAILROAD COMPANY.

Submitted July 6, 1900—Decided November 12, 1900.

1. In an action given by statute for land taken by a railway company under its charter, a plea that the suit had not been brought within twenty years from the time the action accrued, is not good. Sections 14, 23 and 24 of the General Statutes, relating to twenty years' limitation of actions, does not apply to such a case, and a· demurrer to such a plea should be sustained.
2. The common law rule that the lapse of twenty years from the time a debt accrues raises a presumption of payment, is in force in this state and proof of that fact may be given in evidence under a plea of payment. *Quære*, whether such a defence may not also be set up under the one hundred and nineteenth section of the Practice act, by a notice of special matter to be given in evidence· attached to a plea of the general issue.
3. A plea of the statute of limitations that suit was not commenced· within sixteen years, to a suit on an award by commissioners appointed under the charter of the New York and Long Branch. Railroad Company, is not good under the thirteenth section of our statute of limitations. Such an award is not "an award. under the hands and seals of arbitrators for the payment of money only" within the statute.

On demurrer by the plaintiffs to the fourth plea of the defendant, and on demurrer by the defendant to the replication of the plaintiffs to the third plea of the defendant.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiffs, *Edward A. Ransom* and *Flavel McGee.·*

For the defendant, *Applegate & Hope.*

The opinion of the court was delivered by

FORT, J. This is a suit upon an award of commissioners· appointed to fix the value of lands taken for the right of way of the Long Branch Railroad Company and the damages inci--

dent to such taking. The commissioners were appointed by Mr. Justice Scudder August 8th, 1872, and their report was made September 5th, 1872, awarding to the plaintiffs for land taken and their damages incident thereto the sum of $2,400, which said report and award was filed with the clerk of Middlesex county September 14th, 1872. The proceedings were taken under an act of the legislature of this state passed April 8th, 1868. *Pamph. L., p.* 852.

The two sections of said act applicable to this suit are sections 6 and 7, found at page 860 of the statutes of 1868.

This suit was instituted on the 20th day of May, 1899. By the statute it is provided that the report as filed shall entitle the "owner or owners to recover the amount of said valuation, with interest and costs, in an action of debt in any court of competent jurisdiction * * * if the company shall neglect to pay the same for twenty days after demand upon their treasurer therefor."

The declaration alleges demand for the award on February 24th, 1899. The declaration in this case is in general form, setting up the award and claiming the whole amount thereof and stating a demand for the payment of the same and the neglect and refusal to pay within twenty days after such demand. The pleas to the declaration are—

*First.* General issue.

*Second.* Payment.

*Third.* Statute of limitations of sixteen years.

*Fourth.* Statute of limitations of twenty years next before the commencement of suit.

To these pleas the plaintiff replied by replication in which he joins issue on the first and second pleas, and as to the third plea, sets up against the bar of the statute the act entitled "An act to incorporate the New York and Long Branch Railroad Company," approved April 8th, 1868, and the fact of the appointment of the commissioners after the failure to agree, between the railroad company and the landowner for the fixing of the value of the land taken by the railroad company, and the ascertainment of the damage resulting thereby and the fact of the report of said commissioners and the

award of damages and the filing of the report at the time hereinbefore stated, and that the entire interest in the land was, at the time of the commencement of the suit, in the plaintiffs, and that *on the 24th day of February, 1899,* plaintiffs made demand of the treasurer of the defendant company for the amount of the award, which payment was refused, and, by reason of the premises, the defendant having wholly neglected and refused to pay the plaintiffs within twenty days after the date of said demand, right of action under the statute accrued to recover the money due upon the award in an action of debt.

The plaintiffs demur to the fourth plea of the defendant. The defendant rejoins to the replication of the plaintiffs to the third plea of the defendant by demurring thereto, because the facts therein stated are not sufficient in law for the plaintiffs to have or maintain their aforesaid action against the said defendant and remove the bar of the sixteen years raised by the statute.

The questions, therefore, to be determined in this cause on these demurrers are—first, is the fourth plea of the defendant as to the twenty years' statute of limitations good; and second, is the replication to the third plea of the defendant good, or, looking back of it, is the third plea of the defendant itself good, viz., that the action in this case was barred because suit was not instituted within sixteen years after the award was filed.

There appears to be no difficulty on the question of the fourth plea filed by the defendant in this case. The statute of limitations attempted to be set up as a bar by that plea is that the suit in this case was not brought within twenty years prior to the commencement of this suit. There are but three sections of our statute of limitations which fix a limit of a right of action to within twenty years after the action accrues. These are section 14 of the General Statutes, which provides that an action of debt upon a judgment in any court of record may be brought upon such judgment within twenty years next after the date of such judgment, and not after; and sections 23 and 24, which limit right of entry upon lands by

any person, and which limit right of action for lands, &c., to twenty years after the right of entry or suit hath accrued, and not after. Neither of these sections are applicable to this suit, and hence the fourth plea cannot be sustained under either of them. *Gen. Stat., pp.* 1975, 1977.

It may possibly be that the theory of the defendant's counsel in filing this plea was that the common law rule applied that a lapse of twenty years raised a presumption of payment and thereby barred the suit; if so, they are under a misconception of the effect of that principle. It is undoubtedly true, upon the trial in an action of this character, that if there be proof that no demand or attempt to enforce the award has been made within twenty years before the institution of the suit, that that fact in itself is evidence that the award sued upon has been paid. But this common law principle of defence cannot be set up by a plea in bar as the statute of limitations. The proper plea in such a case is payment and proof under that plea of the facts which show that twenty years have elapsed since the award and that no demand or proceeding to enforce the collection of the same has been taken within the twenty years, and thereupon the presumption arises, by operation of law, that the award is paid, and the burden is upon the plaintiffs to overcome such presumption by independent proof. *Gulick* v. *Loder,* 1 *Gr.* 68; *Little* v. *McVey,* 47 *Atl. Rep.* 61.

We do not intend to pass upon the question of whether such a defence might not also be set up under the one hundred and nineteenth section of the Practice act by a notice of special matter to be given in evidence attached to the plea of the general issue. *Gen. Stat., p.* 2553.

The demurrer to the fourth plea of the defendant is sustained.

The next question is raised by the demurrer of the plaintiffs to the replication to the third plea of the defendant. The plaintiffs' third plea is the statute of limitations, that the plaintiffs' right of action did not accrue within sixteen years next before the commencement of the suit. Upon a demurrer,

the court will look down the record to find the first erroneous pleading.

The third plea of the defendant in this case was evidently filed on the theory that section 13 of our statute of limitations applied to the award in this case, but I do not so read the statute. The suits which are interdicted by this section of the statute are those—

"(1) For rent or arrearages of rent, founded upon lease under seal, &c., or

"(2) Upon any single bill or penal bill for the payment of money only, or

"(3) Any obligation with condition for the payment of money only, or

"(4) Upon any award under the hands and seals of arbitrators for the payment of money only."

If any of these clauses could apply in this case, it must be the last. But this award is not an award of arbitrators. The language of the thirteenth section of the statute of limitations is, "an award under the hands and seals of *arbitrators* for the payment of money only."

This section applies to voluntary agreements of arbitration, or statutory arbitration where made a rule of court, &c., with which all are familiar, and does not apply to an award in a proceeding for the condemnation of lands under a statute similar to that under which the defendant in this case is incorporated or in cases of an award of commissioners in proceedings to take lands for public highways and the like.

The demurrer of the defendant to the replication of the plaintiffs to its third plea is not passed upon as the defendant's third plea of the statute of limitations of sixteen years to the plaintiffs' declaration is itself found to be bad, the result of which is to eliminate from the record the defendant's third plea, and the plaintiffs' replication thereto and the defendant's demurrer to the plaintiffs' replication.

It will not, therefore, be necessary to consider either the sufficiency or the force and effect of the plaintiffs' replication to the defendant's third plea, or whether the plaintiffs should have demanded payment of the award within a reason-

able time, or whether the statute of limitations (if it applied) would have begun to run from the date of the filing of the award or within a reasonable time thereafter, or from the date of the actual demand set up, viz., February 24th, 1899.

The court finding the defendant's third plea bad, it is immaterial whether if it had been good, the replication would have been sufficient.

This determination disposes of all the questions raised on the demurrer in this case, and judgment may be entered by the plaintiffs in accordance herewith.