CLAUS HASSELBUSCH, PLAINTIFF, PLAINTIFF IN ERROR, v. ANNA MOHMKING, DEFENDANT, DEFENDANT IN ERROR.

Argued July 3, 1908—Decided March 1, 1909.

1. Where property was conveyed by a deed containing a covenant against encumbrances—a mortgage then existing upon the property—a right of action arose at once for breach of the covenant; and although before such an action was brought the mortgage may have been paid by the mortgagor, or a presumption of payment may have arisen from lapse of time, yet in an action for breach of covenant the covenantee is entitled to recover at least nominal damages.

2. In an action for breach of a covenant against encumbrances, the defendant pleaded that he had not broken the covenant within twenty years. There is no statute of limitations barring such an action if not brought within twenty years after breach of covenant. *Held*, that defendant could not, under this plea, defeat the covenantee's recovery by setting up as a defence that the lapse of time raised a presumption that the cause of action had been satisfied.

On error to the Bergen Circuit Court.

For the plaintiff in error, *Samuel A. Besson.*

For the defendant in error, *Koester & Campbell.*

The opinion of the court was delivered by

REED, J. This writ brings up a judgment of nonsuit entered in the Bergen Circuit Court by the direction of the trial judge at the close of the plaintiff's case.

The action is for a breach of a covenant against encumbrances, contained in a deed made by one Anna Mahler and her husband, Michael Mahler, to Margarthe Hasselbusch and her husband, Claus Hasselbusch. Claus Hasselbusch, surviving his wife, is the plaintiff. Anna Mahler having survived her husband, and remarried, is the defendant under her present name of Anna Mohmking.

It appeared upon the trial that the deed in which the covenant against encumbrances was included was executed on the 1st day of July, 1873. It appears that there was at that date upon the property conveyed a recorded mortgage executed on September 21st, 1869, to secure the payment of the sum of $350 in three years. This mortgage had been given to and was then held by one Bernard McClosky.

About 1904 the Hasselbuschs entered into a verbal agreement to sell the land so conveyed and mortgaged. In searching the title for the purpose of executing a deed for this property, in accordance with the verbal agreement entered into to convey to the purchasers, John Boglioli and Stella, his wife, it was discovered that the McClosky mortgage was existing and still uncanceled, whereupon the Bogliolis refused to take the title while this encumbrance remained.

A bill was then filed by the Hasselbuschs against the administrator of McClosky, deceased, the mortgagee, and against his widow and heirs-at-law and next of kin, on November 4th, 1905, for the purpose of quieting the title to the mortgaged property. A decree was signed in this suit adjudging that the defendants had no estate, interest or encumbrance

upon the same. Hasselbusch paid the taxed costs in this suit, amounting to $146.

The action at law for breach of covenant against encumbrances contained in the deed of July 1st, 1873, was begun on April 24th, 1907, more than twenty years after the breach of the covenant. One of the pleas interposed to the declaration was that the defendant had not broken any covenant in her deed within twenty years next before the commencement of the action.

At the conclusion of the plaintiff's case the counsel for the defendant moved to nonsuit the plaintiff, upon the ground that there was no encumbrance upon the property at the time when Hasselbusch attempted to make the conveyance mentioned to Boglioli, and if there had been a breach of covenant, the breach had occurred when the deed containing it was made, and since that date an action had been barred by the statute of limitations. A nonsuit was granted upon the ground that the action had not been brought within the statutory period as laid down in decisions in this state.

An inspection of our statute of limitations, as pointed out by Mr. Justice Fort in his analysis of that statute, contained in his opinion in the case of *Parisen* v. *New York and Long Branch Railroad Co.,* 36 *Vroom* 413, would disclose that there is no provision in that statute that an action brought for breach of covenant shall be barred, if not brought within twenty years after occurrence of the breach. Indeed, it is admitted in the brief of the counsel for the defendant in error that there is no statute that provides directly for a plea barring an action by lapse of time in suits of this kind.

The defendant, however, insists that the mortgage was presumptively paid at the time of bringing that action, and so the plaintiff suffered no loss, and therefore had no right of action. In support of this insistence a number of cases were cited to demonstrate that a mortgage is presumed to be paid in case the mortgagee had not entered or foreclosed, and no interest had been paid within twenty years.

A consideration of the questions thus discussed is deemed to be altogether foreign to the point now presented.

Assuming that at the date when the plaintiff discovered the existence of the encumbrance, or, indeed, at any date subsequent to the execution of the covenant against encumbrance, the mortgage, by payment or by presumption of payment, ceased to be a burden upon the land, that fact would not defeat the covenantee's right of action. That right arose at the moment the covenant was executed by reason of the presence of the encumbering mortgage. Had the mortgage been subsequently paid, or if by lapse of time a presumption of payment would have arisen, this would affect the degree to which the covenantee might be damaged by the breach of his covenant, but would not defeat his right to an action. There might have been substantial injury to the covenantee, although the encumbrance on the property may have been afterwards paid by the covenantor, or may have become non-enforceable by lapse of time. The cloud upon the title in the meantime may have resulted in material injury to the owner of the encumbered property. But even if it resulted in no substantial injury, nevertheless the right of action having arisen by breach of the covenant, the covenantee is entitled to recover nominal damages.

It is entirely settled that where a breach of an agreement, or an invasion of a right is established, the English law infers some damage to the plaintiff, and if no evidence is given of any particular amount of loss, it declares the right by awarding what it terms "nominal damages," being some very small sum, as a farthing, a penny, or a sixpence. *Sedgw. Dam.* 44. This principle is recognized in the cases of *New Jersey School Furniture Co.* v. *Board of Education,* 29 *Vroom* 646; *Gerli* v. *Poidebard Silk Manufacturing Co.,* 28 *Id.* 432; *Jurnick* v. *Manhattan Optical Co.,* 37 *Id.* 380; *Phillips* v. *Crosby,* 41 *Id.* 785.

In case of a covenant of seizin, which is broken upon its execution by the existence of some outstanding interest existing in a third party, although the holder of the covenant retains peaceable possession until it has ripened under the Limitation act into a valid title, he can yet bring his action

for breach of his covenant and recover nominal damages. *Rawle Cov. Tit.* 101.

When an encumbrance is removed by the grantor without expense or trouble to the grantee, the latter can recover only nominal damages. 11 *Cyc.* 1165.

Said Chief Justice Ewing in *Stewart* v. *Drake,* 4 *Halst.* 139, 141: "If there be a subsisting mortgage at the time of the covenant, the grantee under a covenant against encumbrance may recover nominal damages because there is a breach; but they shall be nominal only where he remains undisturbed and has paid nothing on the mortgage; for the encumbrance may be removed by the grantor, or he may be compelled by the mortgagee to discharge it, or the grantee may otherwise remain forever unaffected by it."

All that is said and decided in these authorities is in recognition of the well-settled doctrine that where a breach occurs nominal damages may be recovered. So that if no special damages had been proved in this case, nevertheless the plaintiff, by his proof of a breach of covenant, was entitled to a verdict for nominal damages.

There are cases, it is true, which hold that after the lapse of twenty years following a breach of covenant, a presumption will arise that the cause of action has been in some way satisfied. Some of these cases will be found cited by Mr. Rawle in his work on *Covenant for Title.* Whether the twenty years is to be measured from the time when the cause of action arose by the technical breach of covenant against encumbrance, or to be measured from the time when special damages occurred, is a subject of some contrariety of opinion. A discussion of the questions presented by these cases would be aside from the point upon which the decision in the present case is put.

All of this class of cases rest upon the doctrine of presumption—a presumption which is rebuttable. The defence set up in this case rests upon an absolute bar by force of the statute of limitations. There being no statute of limitations, there is no absolute bar.

The proper plea suggested in *Jenkins* v. *Hopkins, 9 Pick.*

542, to rest the defence of presumptive satisfaction received for breach of covenant, is a plea of accord and satisfaction. All that need be said now is that that defence cannot be raised under a plea setting up a statute of limitations.

The conclusion is that the judgment of nonsuit must be reversed and a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, VROOM, DILL, J.J.   13.