## Jean, et al. v. Brentlinger.

(Decided October 28, 1913).

Appeal from Jefferson Circuit Court Chancery Branch, Second Division).

1. Boundaries—Division Line—Streams.—When the part of a farm which lies west of a stream is devised to one, and the part which lies east of the stream is devised to another, the thread of the stream is the dividing line between them and the line follows the thread of the stream as it shifts from time to time, although caused by a sand bar which forms in the stream.

2. Trespass—Possession.—An action may be maintained to enjoin trespasses and to recover for property taken, although the owner is not in possession of the place where the trespass was committed.

3. Damages—Nominal Damages.—Only nominal damages will be allowed for the taking of gravel where the taking of it did no injury, and it was of only nominal value when taken.

SHEILD & CAMPBELL and R. W. COLE for appellants.

D. R. CASTLEMAN and PRYOR & CASTLEMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

This is a controversy over a gravel bar in Floyd's Fork, near the mouth of Broad Run, in Jefferson County, Floyd's Fork being a tributary of Salt River. The facts of the case are these: In the year 1869, Robert Welch, who owned the land on both sides of Floyd's Fork, died testate in Jefferson County. By his will, which was duly admitted to probate, he devised to his son, George Welch, the land on the west side of Floyd's Fork, and to his granddaughter, Mary E. Allen, who afterwards married Dave Brentlinger, the land on the

east side of the stream. The devisees took possession of the land devised to them. At that time the gravel bar was in the stream, the water running on both sides of it, but the greater part of the stream ran between the gravel bar and the east bank. Appellant, Foree Jean, holds under George Welch and the appellee under Mary Allen Brentlinger. In the course of time it has come to pass that the main current of the stream at low stages runs between the gravel bar and the west bank although the stream itself has not shifted its channel and the banks of the stream are about as they were in 1869. Appellant allowed some gravel from the gravel bar to be used in the construction of a road in Jefferson County and appellee thereupon brought this suit alleging that the sand bar was within his boundary, and praying judgment for the value of the gravel which had been taken as well as that the boundary between them be settled and his title quieted. The case was voluminously prepared. The circuit court on final hearing gave judgment in favor of Brentlinger, and fixed the damages at $1.00. Jean appeals and Brentlinger prosecutes a cross appeal.

It is insisted for Jean that as the main current of the stream ran east of the gravel bar at the time that Welch's will took effect, this fixed the line between them at the center of the stream as it then stood; and in support of this contention he relies on Degman v. Elliott, 8 S. W., 10, and Vaughn v. Foster, 47 S. W., 333. On the other hand, it is insisted for Brentlinger that as the land on one side of the stream was devised to one person and the land on the other side of the stream to another, the thread of the stream is the line; and that as there has been no shifting of the channel of the stream, the center line of the stream as it runs is the line between them. In support of this he relies on Hunter v. Witt, 21 R., 25; Holcomb v. Blair, 25 R., 974; Spurrier v. Hodges, 28 R., 804.

Neither of the parties has had any actual possession of the gravel bar, and it is covered by water so much of the year that it is incapable of use for any practical purposes except to get gravel there when the stream is low. In all cases arising out of a will, the effort of the court is to carry into effect the intention of the testator if practicable. The present owners simply stand in the shoes of the two original devisees. The testator intended the stream to be the line between the devisees. Gravel bars like this frequently appear and disappear

in such streams. This gravel bar may in the near future entirely disappear. The testator intended each of the devisees to have the use of the stream; each to have equal rights in it with the other. As the channel of the stream is wider than necessary for the water at ordinary stages, it will run first on one side and then on another side of the gravel bars that may be thrown up. But the right to the use of the stream should not depend on the precise location of the current within its bed at the time the property was devised. Considering the size of the stream, the size of the gravel bed, the extent of the time when it is covered by water, and all the circumstances, we conclude that the judgment of the chancellor fixing the line at the thread of the stream as it runs, does substantial justice between the parties, and that the line between them is not to be determined by ascertaining on which side of the gravel bed most of the water was running at the time the will took effect. The channel of the stream is well defined; the stream has not substantially shifted its channel and the title to one-half of the stream should not be made to depend upon the location of so uncertain a thing as a gravel bar at a given time. The gravel bar according to all the evidence is practically of no value while the right to half the stream is of great value to each farm. If the gravel bar should wash away entirely, manifestly the thread of the stream as it then would run would be the line between the parties. In Degman v. Elliott, 8 S. W., 10, the stream had left its old channel and taken a new one, so that no water flowed in the old bed of the creek except in high water. In Vaughn v. Foster, 47 S. W., 333, the stream had left its old bed and taken a new channel cutting off a corner of the plaintiff's land. Such is not the case here; the bed of the stream is unchanged. From the clearing up of the country and other causes the water in the stream at low stages is not sufficient to fill the whole channel, and so it flows around the sand and gravel bars as they make their appearance, but the channel or bed of the stream is as it was. There has been no sudden change and the thread of the stream as it meanders and slowly shifts from time to time is the line. Were the rule otherwise one of the parties might in time be deprived of all right to the use of the stream although no substantial change had occurred in its channel or bed. (Holcomb v. Blair 25 R., 974; Spurrier v. Hodges, 28 R., 804.)

This is not merely an action to quiet title but to ascertain and settle a boundary to enjoin repeated trespasses and to recover for the gravel taken away.

On the cross appeal, it is complained that the chancellor erred in giving judgment in favor of the appellee only for $1.00 for the gravel taken away from the gravel bed. But the gravel was of no value in the gravel bed; taking it out of the stream did appellee no injury and it is not shown that appellant, Jean, received anything for it. The stream is full of gravel and it is customary for the owners to give the gravel away.

The judgment is affirmed on the original and on the cross appeal.