**STOLL OIL REFINING COMPANY, a Corporation, Appellant,**

v.

**Vester E. PIERCE, Appellee.**

Court of Appeals of Kentucky.

March 3, 1961.

Richardson, Barrickman & Dickinson, Henry Dickinson, Glasgow, for appellant.

C. O. Milby, Greensburg, George O. Bertram, Campbellsville, for appellee.

MOREMEN, Judge.

This is a motion for appeal pursuant to RCA 1.180, from a judgment entered by the Green Circuit Court. It is the second appearance of this case on our docket. In the first opinion (Stoll Oil Refining Company v. Pierce, Ky., 337 S.W.2d 263, 266) we held that:

"Nominal damages are all the plaintiff was entitled to recover. The court should have so instructed the jury. Upon the return of the case, the court will award nominal damages to the plaintiff."

On return, both parties moved that the court enter a judgment pursuant to the opinion and mandate.

The court entered a judgment in the sum of $1,500 as nominal damages.

■ "Nominal damages" are a trivial sum of money awarded to a litigant who has established a cause of action but has not established that he is entitled to com-

pensatory damages. Restatement of the Law, Torts, section 907.

"Nominal damages" are damages in name only and should be awarded in some trivial amount, usually $1.00. Lucas v. Morrison, Tex.Civ.App., 286 S.W.2d 190. Sometimes even smaller sums are indicated, such as a farthing, a penny, or a sixpence (Hasselbusch v. Mohmking, 76 N.J.L. 691, 73 A. 961) or six cents, Heath v. United States, D.C., 85 F.Supp. 196. They are "a mere peg to hang costs on." Stanton v. New York & E. R. Co., 59 Conn. 272, 22 A. 300, 303. Many other cases of similar import are listed in vol. 28A Words and Phrases beginning at p. 303.

In Jean v. Brentlinger, 155 Ky. 509, 159 S.W. 1139, where the chancellor had awarded the sum of $1, apparently as nominal damages, this court affirmed the judgment although there was no discussion of the meaning of the words, nominal damages.

■ We have no difficulty in declaring that $1,500 is not a trivial sum of money and does not comply with our direction to enter a judgment awarding nominal damages to the plaintiff.

Ordinarily under subsection (*l*), par. 2 of RCA 1.180, if the motion for an appeal is sustained it is then necessary for movant to perfect and prosecute his case as if an appeal was taken as a matter of right. That part of the subsection reads as follows:

"If the motion is sustained, the appeal shall be perfected and prosecuted as appeals taken as a matter of right, *unless otherwise directed by the Court of Appeals.*" (The emphasis is ours.)

Since this motion for appeal involves the meaning of words written in our original opinion and is accompanied by attested copies of all proceedings had in the lower court since its return after the first appeal, we believe that it would be a vain and unnecessary thing if movant again were forced to perfect an appeal. Therefore, un-

der the above quoted rule we will issue new directions for the trial court.

The motion for appeal is sustained and the judgment entered is reversed. Upon return of the case the court will award nominal damages in the sum of $1.00 to the plaintiff.

Judgment reversed.