ALICE MAUDE GEORGE and HAZEL O'REILLY,
Plaintiffs

v.

CHRISTIAN VIEW, LTD., and QUESTA VERDE
CONDOMINIUM ASSOCIATION,
Defendants

Civil No. 434-1973

District Court of the Virgin Islands

Div. of St. Croix

February 21, 1975

JOHN D. MERWIN, ESQ., Frederiksted, St. Croix, V.I.,
NICHOLS & SILVERLIGHT, ESQS. (IRWIN SILVERLIGHT, of
counsel), Christiansted St. Croix, V.I.

JOHN F. JAMES, ESQ., Christiansted, St. Croix, V.I.

YOUNG, *District Judge*

MEMORANDUM OPINION AND ORDER

A trial was held in this trespass action on November 1,
1974, following which a jury of six returned a verdict in

favor of plaintiff for "$5,000.00 nominal damages only". On November 13, 1974, defendant Christian View, Ltd., against whom the verdict was rendered, filed a memorandum and alternative motions for judgment notwithstanding the verdict, for a new trial or remittitur, or for an amendment of the judgment, on the ground that the verdict as issued could not properly stand.

Several weeks later, during which the defendant's alternative motions were held under advisement by this Court, I was approached by one of the six jurors in this case who inquired whether I personally regarded the $5,000.00 verdict to be a just and fair verdict. I responded that although the amount of the award seemed to be fair and reasonable, I was disturbed by the designation in the verdict of such sum as "nominal". He in turn expressed surprise, noting that the jurors had indeed intended the award as compensation to plaintiff and that they had instructed the foreman to place the $5,000.00 figure on the line marked "compensatory damages". In light of the foregoing revelation indicating the verdict to have been a product of a young foreman's drafting mistake, I scheduled a hearing for February 5, 1975, at which counsel for both sides were instructed to present arguments on the following questions: (1) whether this Court has the authority to recall the jurors to ascertain whether the foreman did in fact erroneously check "nominal" rather than "compensatory" and (2) if the jurors were to be recalled and an examination would reveal a "clerical error", whether the Court has the authority, as plaintiff suggests, to direct the jury to return a "corrected verdict", redesignating the award as "compensatory" instead of "nominal"; or whether the Court should enter a $5,000.00 compensatory damage judgment notwithstanding the verdict or merely grant a new trial? Further, if the jury were not to be recalled and examined, whether the

Court, as defendant suggests, could enter a nominal damage award of, say $10.00 or $100.00, n.o.v.?

After having heard the arguments of counsel, I am convinced that to question the jurors at this late date—more than three months after they were discharged—would be improper. By this observation I do not mean to suggest that the circumstances of the instant case fall within the rule which prohibits a trial court from inquiring into the jury's decisional processes. See Domeracki v. Humble Oil & Refining Co., 443 F.2d 1245, 1247 (3d Cir. 1971).

In the recent Tenth Circuit decision of Continental Baking Co. v. Old Homestead Bread Co., 476 F.2d 97 (10th Cir. 1973), the Court recognized that the "no impeachment" rule is inapplicable to a case in which the jurors have made a clerical error or mistake in either calculating or transcribing the verdict. The jury in that decision returned a verdict on July 2, 1971 in plaintiff's favor on four claims in the amount of $262,125.00 each. The foreman, responding to a question asked by the Court at the request of plaintiff's counsel, noted that it was the intention of the jury that the four claims *total* $262,125.00. Each juror was then asked separately if that was his or her intention, to which each responded affirmatively. The jury was then asked to return on July 6, at which time the trial court submitted to them a supplemental interrogatory. The jury then returned to the deliberation room, answered the interrogatory, and altered the verdict to conform thereto. Confronting defendant's claim that the supplemental interrogatory violated the "no impeachment" rule, the Court stated:

"The rule to which reference has been made excluding testimony or affidavits of jurors to impeach the verdict for misconduct of members of the jury occurring within the jury room and in connection with the deliberations of the jury does not prevent the reception of evidence of jurors to show that through mistake, the real verdict

405

on which agreement was reached in the jury room was not correctly expressed in the verdict returned into open court.

". . . But the jurors are competent witnesses for the purpose of showing that through oversight, inadvertence, or mistake respecting the substance of the verdict returned into court, is [sic] was not the verdict on which agreement was actually reached in the jury room. . . ."

Id. at 110, *quoting* Young v. United States, 163 F.2d 187, 189 (9th Cir. 1947). See also Fox v. United States, 417 F.2d 84, 89 (5th Cir. 1969); Freid v. McGrath, 135 F.2d 833, 834 (D.C. Cir. 1943).

But, unlike the foregoing authorities, the instant case involved a time lapse of more than three months between discharge of the jury and the prospective interview of the jurors by this Court on the matter raised by one of its members.[1] Indeed, the memories of the jurors regarding their deliberations and subsequent verdict may have dimmed considerably in that period of time. Moreover, the probability that the jurors may have encountered one of the parties interested in the action, and thus became influenced thereby, increases with time. A point, therefore, is reached when the benefit to be gained by such post-verdict inquiries, i.e., the avoidance of the delay and expense of a new trial, is substantially outweighed by the prejudicial influence to which the jury becomes exposed upon discharge. See Kennedy v. Stocker, 70 A.2d 587, 590 (Vt. 1950). I find that that point has been reached in this case and consequently decline to recall the jurors for further questioning.

Having so declined, this Court must treat the verdict as it objectively appears—a nominal damage of award of $5,000.00 rather than a compensatory award erroneously

---

[1] This long lapse of time was occasioned by the Court's permissive attitude in waiting for plaintiff's attorney to furnish a memorandum in opposition to defendant's prompt post-verdict motions and in defense counsel's equally tolerant attitude (perhaps abetted by yule-time tropical doldrums) in not pressing for a decision on his motion, with or without plaintiff's long-awaited legal memorandum.

placed. As an award of nominal damages, the verdict is not only inconsistent on its face, but constitutes a misapplication by the jury of this Court's instruction on nominal damages. Substantially adopted from Section 907 of the Restatement of Torts, the instruction given to the jury is as follows:

"The law infers some damage from every trespass onto the land of another. So, even though no substantial damages result from the trespass and none are proved, you may award the plaintiff nominal damages. Nominal damages are a trifling sum awarded to a plaintiff in an action, where there is no substantial loss or injury to be compensated, but where the law nonetheless recognizes a technical invasion of the plaintiff's rights."

I have no difficulty in concluding that an award of $5,000.00 is not "trifling" and, as such, fails to comport with the foregoing instruction. From a purely theoretical standpoint, a finding of nominal damages could not support an award for any more than the smallest appreciable quantity. Stoll Oil Refining Co. v. Pierce, 343 S.W.2d 810, 811 (Ky. 1961); Baden v. Sunset Fuel Co., 357 P.2d 410, 411 (Ore. 1960). Although a minority of jurisdictions have held otherwise, it is clear from the Restatement that an award of nominal and compensatory damages cannot co-exist in the same verdict—for, definitionally, the two are mutually exclusive. Restatement of Torts, § 907, comment a. (1939); see also Chesapeake & Potomac Tel. Co. v. Clay, 194 F.2d 888, 890 (D.C. Cir. 1952); Southland Co. v. Aaron, 80 So.2d 823, 826 (Miss. 1955). Since the sum of $5,000.00 is substantial and thus compensatory in nature, such an award denominated "nominal damages" is self-contradictory and cannot stand.

Having established the impropriety of the verdict, this Court is given wide latitude by Rule 59 of the Federal Rules of Civil Procedure to provide a remedy in situations in which the jury has failed to heed the Court's instructions. It is clear that

■■  ■■■■  ■■■■  ■■

"when the verdict manifests that the jury has not followed the court's instructions, a party adversely affected by the jury's breach of duty may move for a new trial; and on the motion the trial court is under a positive duty to grant appropriate relief to such party and its refusal to do so is reviewable . . . . If the rule were otherwise the jury would have free rein to apply its own standards in violation of its clear duty to apply the law as given by the trial court." 6A Moore's Federal Practice ¶ 59.08[4], at 138–40 (2d ed. 1974).

The evidence adduced at trial leaves little doubt that defendant Christian View, Ltd. has in fact committed a technical invasion or trespass of plaintiff's property. Nothing would be gained, therefore, by retrying the issue of liability, and I am further satisfied that the issues of liability and damages are not so inextricably bound in this instance as to require a new trial on all issues.

Although a number of courts faced with excessive nominal damages have merely remitted the amount to a legally acceptable level, normally one dollar [see, e.g., Stoll Oil Refining Co. v. Pierce, supra at 812], I cannot find as a matter of law that the jury could not find compensatory damages on retrial. If I could be certain that by their award of "nominal damages" the jury found a mere technical trespass with no harm resulting therefrom, I would reduce the verdict to reflect a truly nominal sum and thereby forego a new trial. But, as heretofore discussed at length, an equally plausible explanation for the verdict is that the foreman erroneously placed the $5,000.00 figure on the line designated "nominal damages only" rather than space for "compensatory damages". A reduction of the nominal damage award to one dollar in the latter instance of a clerical error would not comport with justice. It follows that a new trial on the issue of damages must ensue.

## ORDER

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby ORDERED:

That defendant Christian View's motion for a new trial is hereby GRANTED, said trial to be limited to the issue of damages only.