USACO COAL COMPANY, Appellant,

v.

LIBERTY NATIONAL BANK & TRUST COMPANY OF LOUISVILLE, Appellee.

Court of Appeals of Kentucky.

May 3, 1985.

Rehearing Denied July 12, 1985.

James R. Cox, Richard J. Emmett, Greenebaum, Doll & McDonald, Louisville, for appellant.

Joseph J. Kaplan, William A. Miller, Jr., Washer, Kaplan, Rothschild, Aberson & Miller, Louisville, for appellee.

Before COMBS, DUNN and MILLER, JJ.

MILLER, Judge.

Appellant, USACO Coal Company[1] (USACO), maintained a checking account with appellee, Liberty National Bank & Trust Company of Louisville (Liberty). The account was opened on July 8, 1980, at which time the secretary of the firm, Michael A. Vowels, certified the following resolution to Liberty:

RESOLVED, that ...

(4) the following persons are authorized to [sign checks on] or [withdraw funds from] the Account and Liberty is authorized to pay and charge to the Account [checks] or [withdrawal requests] signed by any 2 [two] of the following persons:

Bill Worden      President
Michael A. Vowels      Secretary & Treasurer.

.    .    .    .    .

On December 18, 1980, Bill Worden was discharged in every capacity from USACO. There is conflict as to when this fact became known to Liberty. Liberty maintains it was not notified of Worden's dismissal until February 3, 1981. USACO, on the other hand, maintains that Liberty knew or reasonably should have known of the dismissal much before that date.

On January 13, 1981, USACO filed suit in the United States District Court, W.D. Kentucky, charging certain parties (including Worden) with mishandling funds of the enterprise. This action is reported as *USACO Coal Company v. Carbomin Energy, Inc.*, 689 F.2d 94 (6th Cir.1982), *aff'g.* 539 F.Supp. 807 (W.D.Ky.1982). On that same day, January 13th, despite his prior dismissal in all capacities by USACO, Bill Worden certified, as "acting secretary," to Liberty the following resolution:

RESOLVED, that ...

(b) the following persons are deleted from the list of persons authorized to [sign checks on] or [withdraw funds from] the Account:

Michael Vowels, Secretary-Treasurer

.    .    .    .    .

(3) The Resolution [the First Resolution of July 8, 1980], as amended by this resolution, is ratified and confirmed; and Liberty is authorized to rely upon the Resolution as amended by this resolution, until Liberty has received written notice of any further amendment of the rescission of the Resolution.

.    .    .    .    .

Liberty treated this resolution as enabling Worden to withdraw funds from USACO's account without a counter-signature. However, an obvious interpretation is that it did nothing more than remove Michael Vowels as one of two required signatures—in effect, leaving the account without sufficient names.

It appears that on January 13, 1981, or immediately prior thereto, Worden transacted the following: He cashed certificates of deposit (CD's) which USACO had pledged at the Clarksville (Indiana) National Bank, totaling some $82,000.00. The certificates were pledged to guarantee a "letter of credit" from the bank in favor of Commonwealth of Kentucky, Department for Natural Resources and Environmental Protection. The letter of credit was security for a performance (reclamation) bond posted by USACO in regard to its mining of coal in Kentucky. On January 13th, Worden received a cashier's check from the Clarksville bank representing proceeds from the cashed CD's which he immediately deposited, without endorsement, in USACO's account at Liberty. Again, armed with the aforementioned resolution (January 13, 1981) which he himself had certified to the bank as "acting secretary," he simultaneously withdrew the funds deposited by means of a counter-check which he had Liberty certify, payable to Westport Coal Company, a corporation in which Worden had considerable interest. Westport Coal Company, again apparently simultaneously,

---

**1.** There is a dispute as to whether the depositor (USACO) was a corporate entity or a partnership; however, we deem this determination inessential in resolving this appeal. Apparently the bank considered the deposit a corporate account while, in fact, USACO was a limited partnership.

used the funds to pay an indebtedness which it owed to the Clarksville bank.[2]

One would think the scenario to end at this point, but it does not. There came a time when USACO defaulted upon the reclamation bond growing out of its mining operation, and the Commonwealth of Kentucky, Department for Natural Resources and Environmental Protection called the letter of credit at the Clarksville bank. Of course, the bank was bound to and did honor the letter of credit, notwithstanding it had lost its security by permitting Worden to cash the CD's pledged to it. The bank then summoned Worden who in turn arranged for one Tommy Borders to execute a note to the bank securing the letter of credit. It appears Worden gave Borders security for the favor in form of a mortgage. These latter transactions occurred in February 1984.

The instant suit was filed by USACO on May 22, 1981, alleging breach of contract and negligence on the part of Liberty in handling the account. At an early point in the proceedings, the trial court concluded there was no issue as to breach of contract, but there was an issue as to negligence. The case was destined to be tried on that issue. Subsequently, however, Liberty moved to dismiss, based upon the 1984 transactions where the Clarksville Bank had honored the letter of credit and Worden had caused the bank to be secured by Border's note. The trial court sustained Liberty's motion and dismissed the suit on the basis that plaintiff's claim had been extinguished. USACO filed this appeal.

■ Appellant argues it was error to dismiss its suit for reason it had shown no actual or compensatory damages. The argument is made that the restoration of the letter of credit at the Clarksville bank by Worden was, in effect, a "collateral source" and same should not be considered in preventing appellant from recovering compensatory damages. We think the collateral source rule has no application. The collateral source rule is applicable when an injured plaintiff has received compensation from a third party having no connection with the wrong inflicted by the defendant. In such cases, the court is faced with a choice of recognizing the collateral contribution and thus a "windfall" to the wrongdoer, or not recognizing the receipt of collateral funds and essentially allowing plaintiff to be overcompensated. 22 Am.Jur.2d *Damages,* § 206 et seq. (1965). In the case at hand, the plaintiff received no contribution from a third party source. The letter of credit was restored through efforts of the wrongdoer. Therefore, it is not truly a collateral source and is properly considered in assessing damages against Liberty.

■ Notwithstanding the act of Worden in restoring the letter of credit at the Clarksville bank, it is clear there was an issue as to whether Liberty, through its negligence, breached a duty arising from its contract of deposit by honoring the "bogus" resolution and paying out funds improperly. Such was an invasion of appellant's rights, we believe entitling it to damages, albeit nominal. *See Stoll Oil Refining Company v. Pierce,* Ky., 343 S.W.2d 810 (1961), *Western Union Telegraph Company v. Guard,* 283 Ky. 187, 139 S.W.2d 722 (1940), and 22 Am.Jur.2d *Damages,* § 5 et seq. (1965). Failure to award even nominal damages is grounds for reversal where the costs have not been granted to the party entitled to nominal damages. 22 Am.Jur.2d *Damages,* § 6 (1965). We do not find an assessment of costs in the record at hand.

■ We think a proper disposition of this case requires a determination of whether Liberty breached its duty to USACO and whether, as a result, the latter suffered consequential and incidental damages reasonably to have been foreseen. The damages may not be speculative (*Cf. Illinois Valley Asphalt, Inc. v. Harry Berry, Inc.,* Ky., 578 S.W.2d 244 [1979], and *Roadway*

**2.** United States District Court Judge Charles M. Allen noted in *USACO Coal Company v. Carbomin Energy, Inc.,* 539 F.Supp. 807, 811 (W.D.Ky. 1982), that there was substantial evidence William Worden, by his acts set forth, converted these funds to his own use.

*Express, Inc. v. Don Stohlman & Associates, Inc.,* Ky., 436 S.W.2d 63 [1968]), and shall be limited to those damages emanating from the loss of the USACO funds from January 13, 1981, to (and including) the time when the funds were replaced at the Clarksville bank by acts of Worden in February 1984, if indeed there were any such damages. If there is a finding the depository contract was breached but USA-CO suffered no damage in accordance with the foregoing, then judgment shall be entered in favor of USACO for nominal damages of one dollar ($1.00), together with costs.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed and this cause is remanded for proceedings consistent with this opinion.

All concur.